UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

TERRY FULLER, )
)
    Plaintiff, )
v. ) No. 1:05-cv-76
) *Edgar/Lee*
OFFICER COCRAN of the Bradley County )
Judicial Complex, in his official capacity, )
)
    Defendants. )

## MEMORANDUM AND ORDER

Plaintiff Terry Fuller ("Fuller") has filed a *pro se* prisoner civil rights complaint pursuant to 42 U.S.C. § 1983 [Court File Nos. 3] in this case. Fuller seeks a judgment against the defendant for $10,000,000.00, for pain and suffering. Fuller also requests that Cocran lose his job.

The essence of Cocran's claim is that the defendant used excessive force against him in violation of his constitutional rights.

### I. *Application to Proceed In Forma Pauperis*

It appears from the application to proceed *in forma pauperis* submitted by Fuller that he lacks sufficient financial resources at the present time to pay the required filing fee of $250.00. Fuller is not relieved of the ultimate responsibility of paying the $250.00 filing fee. Since Fuller is an inmate or prisoner in custody at Northwest Correctional Complex in Tiptonville, Tennessee, he will be **ASSESSED** the civil filing fee of $250.00 under the Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321, codified in 28 U.S.C. § 1915. Fuller shall pay the full filing fee

1

of two-hundred and fifty dollars ($250.00) pursuant to Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321, codified in 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Fuller's inmate trust account at the institution where he now resides shall submit to the Clerk, United States District Court, Post Office Box 591, Chattanooga, Tennessee 37401-0591, as an initial partial payment, whichever is the greater of

(a) twenty percent (20%) of the average monthly deposits to Fuller's inmate trust account; or

(b) twenty percent (20%) of the average monthly balance in Fuller's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of Fuller's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $250.00 as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk of Court is **DIRECTED** to send a copy of this memorandum and order to the Warden of Northwest Correctional Complex, the Custodian of Inmate Trust Fund Accounts at Northwest Correctional Complex, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee to ensure the custodian of Fuller's inmate trust account complies with the portion of the Prison Litigation Reform Act relating to payment of the filing fee.

The agency having custody of the plaintiff shall collect the filing fee as funds become available. This order shall become a part of inmate Fuller's file and follow the inmate if he is transferred to another institution. The agency having custody of the plaintiff shall continue to

2

collect monthly payments from plaintiff's prisoner account until the entire filing fee of $250.00 is paid.[1]

## II.    *Administrative Remedies*

Fuller's complaint is based on claims that arose while he was housed at the Bradley County Justice Complex. Fuller has failed to demonstrate he exhausted his administrative remedies. Instead, Fuller asserts that he did not file a grievance and explains his reason for failing to file a grievance as follows: "Because that was at county jail. I am now in state prison. But I did file grevaiance [sic] to have it thrown away" [Court File No. 3, at 3]. Consequently, the Court is unable to determined whether plaintiff has indeed exhausted his remedies.

The Prisoner Litigation Reform Act, 42 U.S.C. § 1997e(a), provides that no action shall be brought with respect to prison conditions under 42 U.S.C. § 1983 by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. In *Brown v. Toombs,* 139 F.3d 1102, 1103-04 (6th Cir.), *cert. denied,* 525 U.S. 833 (1998), the Sixth Circuit held that district courts should enforce the exhaustion of administrative remedies *sua sponte* if necessary. The Sixth Circuit has ruled that the plain mandatory language of the statue regarding exhaustion of remedies, the legislative purpose underlying the plain language, and the sound policy on which it is based requires all prisoners filing § 1983 cases involving prison

---

[1] **Send remittances to the following address:**

   Clerk, U.S. District Court
   P.O. Box 591
   Chattanooga, TN  37401-0591

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**

3

conditions to allege and show they have exhausted all available administrative remedies. *Brown v. Toombs,* 139 F.3d 1102, 1103-04 (6th Cir.), *cert. denied,* 525 U.S. 833 (1998). "A prisoner should attach to his § 1983 complaint the administrative decision, if it is available, showing the administrative disposition of his complaint." *Id.*

The exhaustion requirement applies to all cases filed on or after April 26, 1996, the effective date of the Prison Litigation Reform Act. *Id. citing Fuller v. McGinnis,* 131 F.3d 593, 595 (6th Cir. 1997). It is unclear from the record whether Fuller has exhausted his available administrative remedies by fairly presenting his claim to the Bradley County Jail inmate grievance program. The plaintiff's complaint indicates there is an inmate grievance program in the Bradley County Jail, but it does not confirm that Fuller presented the facts relating to his claim in his complaint to all levels of the inmate grievance program.

Accordingly, this Court cannot proceed to consider and adjudicate the merits of the plaintiff's claims until all available administrative remedies have been completely exhausted. *Id.; White v. McGinnis,* 131 F.3d 593, 595 (6th Cir. 1997). The Court is unable to determine whether all available administrative remedies have been completely exhausted. Therefore, the Clerk **SHALL** send the defendant a copy of the complaint [Court File No. 3] to enable the parties to submit to the Court any additional records, documents, and papers concerning Fuller's grievances and the administrative decisions made with regard to the grievances by the Grievance Board, the Sheriff, or any other review board. If there has been a final administrative decision on Fuller's grievances, the parties shall provide a copy of it to this Court as part of their response.

Each party **SHALL** file a response and explain in detail the grievance procedure Fuller followed. In addition, copies of all grievances, appeals, and responses involving Fuller's claims

4

shall be submitted to the Court. In their responses, the parties shall explain the standard procedures for processing inmate grievances, including all available appeals, and provide this Court with a copy of the relevant written regulations and prison grievance policies and procedures. The parties are **ORDERED** to file their response, with the Court on or before **June 20, 2005.**

To the extent Fuller is attacking his segregation status, the parties shall provide documents, including but not limited to all appeals and final decisions, regarding such segregation status and all applicable policies and procedures applicable to placing Fuller in segregation. All documents and responses **SHALL** be filed on or before **June 20, 2005**.

Fuller is **ORDERED** to notify this Court and defendant or defendant's counsel of record, immediately of any change of address. If Fuller is transferred to another institution, he is **ORDERED** to provide the prison officials at any new institution with a copy of this order. Failure of Fuller to notify this Court or defendant of an address change with ten (10) days from the date of his transfer, and the new prison officials of this order and outstanding debt, will result in the imposition of appropriate sanctions against plaintiff without any additional notice or hearing by the Court. Failure to respond to this order on or before **June 20, 2005,** will result in the dismissal of this action.

ENTER this *20th day of May, 2005*.

/s/ R. Allan Edgar
R. ALLAN EDGAR
CHIEF UNITED STATES DISTRICT JUDGE