UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| TERRY FULLER, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 1:05-cv-76 |
| ) | *Edgar/Lee* |
| OFFICER COCRAN of the Bradley County ) | |
| Judicial Complex, in his official capacity, ) | |
| BRADLEY COUNTY JUSTICE CENTER, ) | |
| ) | |
| Defendants. ) | |

**M E M O R A N D U M**

Plaintiff Terry Fuller ("Fuller") has filed a *pro se* prisoner's civil rights complaint pursuant to 42 U.S.C. § 1983. Fuller claims he was subjected to the use of excessive force by defendant. Plaintiff seeks $10,000,000.00 for pain and suffering.

For the reasons set forth herein, no service shall issue, and this complaint will be dismissed.

*I.    Exhaustion of Remedies*

The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to require prisoners to exhaust administrative remedies before filing suit. See *Davie v. Wingard*, 958 F.Supp. 1244, 1253-54 (S.D. Ohio 1997). The applicable section of 42 U.S.C. § 1997e provides the following:

> 1997e. Suits by prisoners
> (a) Applicability of administrative remedies
>
> > No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

1

The Sixth Circuit has ruled that the plain mandatory language of the statue regarding exhaustion of remedies, the legislative purpose underlying the plain language, and the sound policy on which it is based requires all prisoners filing § 1983 cases involving prison conditions to allege and show they have exhausted all available administrative remedies. *Brown v. Toombs,* 139 F.3d 1102, 1103-04 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998). "A prisoner should attach to his § 1983 complaint the administrative decision, if it is available, showing the administrative disposition of his complaint." *Id.* Satisfaction of this requirement entails filing a grievance concerning each claim stated in the complaint. *See Northington v. DeForest*, 215 F.3d. 1327 (unpublished table decision), *available in* 2000 WL 659260 *1 (6th Cir. May 11, 2000) (citing *Brown v. Toombs,* 139 F.3d at 1104)).

The exhaustion requirement applies to all cases filed on or after April 26, 1996, the effective date of the Prison Litigation Reform Act. *Id. citing White v. McGinnis,* 131 F.3d 593, 595 (6th Cir. 1997). An inmate cannot fail to file a grievance or abandon the process before completion and claim he has exhausted his administrative remedies or that it is futile to exhaust remedies because his grievance is now time-barred under the regulations. *See Hartsfield v. Vidor*, 199 F.3d 305, 310 (6th Cir. 1999) *citing Wright v. Morris*, 111 F.3d 414, 417 n.3 (6th Cir.), *cert. denied*, 522 U.S. 906 (1997). "'In the absence of particularized averments concerning exhaustion showing the nature of the administrative proceeding and its outcome, the action must be dismissed under § 1997e.'" *Garfield v. Federal Prison Industries*, 3 Fed.Appx. 292 (unpublished table decision), *available in* 2001 WL 92137, at *1 (6th Cir. Jan 26, 2001) *quoting Knuckles El. v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040 (2000). "A plaintiff who fails to allege exhaustion of administrative remedies with 'particularized averments' does not state a claim on which relief may

2

be granted, and his complaint must be dismissed *sua sponte*." *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002).

In this case, the Court previously ordered the parties to file a response to plaintiff's allegations regarding exhaustion of remedies. Plaintiff timely filed a response [Court File Nos. 6 & 7] claiming he submitted a grievance to defendant Cocran but he ever received a response. Although plaintiff claims the prison officials did not give him a copy of the grievance, he does not claim that he was unable to make a copy of the grievance for his records prior to filing the grievance. Nevertheless, plaintiff contends he does not have a copy of the grievance he filed. As defendant has failed to respond,[1] the record before the Court arguably supports plaintiff's position that he exhausted his remedies. Plaintiff contends he submitted a grievance that addressed the incident[2] in question but received no response. Although this is a close case under the *Knuckles El* standard, there is no evidence to the contrary as the defendant has failed to respond to the Court's Order; therefore, plaintiff has adequately alleged the essential facts necessary to demonstrate exhaustion of remedies. *See Boyd v. Corrections Corp. of America* 380 F.3d 989, 996-97 (6th Cir. 2004), *cert. denied*, 125 S.Ct. 1639 (2005). Treating his claim as exhausted, the Court will now explain why plaintiff's complaint will be dismissed.

---

[1] Although the Court would typically issue a show cause order against a non-responding party, as the Court is dismissing this case, it would be a waste of judicial resources to issue a show cause order.

[2] "The grievance that I filed against Defendant Marcus Cochran [sic], was for the reasons of using excessive use of force against me, and then subjecting me to cruel and unusual punishment by placing me in a strip cell for (3) days without any clothes, hygienes [sic], bed mattress, or bed material, such as blankets or sheet" [Court File No. 7, at 3].

3

## II. *Screening Pursuant to 28 U.S.C. §§ 1915A and 1915(e)*

The Court screens the complaint pursuant to 28 U.S.C. § 1915A and § 1915(e). Furthermore, 28 U.S.C. §§ 1915A and 1915(e)(2) provides that the Court must dismiss a case at any time if the Court determines that it is frivolous or fails to state a claim upon which relief can be granted.

> When screening a prisoner complaint, a district court must examine both § 1915(e)(2) and § 1915A. If the civil action seeks redress from a governmental entity, officer, or employee, the district court must dismiss the complaint, or any portion of the complaint, which (a) is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (b) seeks monetary relief from a defendant who is immune from monetary relief. 28 U.S.C. § 1915A. Should the complaint contain any allegations that do not fall within § 1915A, the district court must then examine the complaint under § 1915(e)(2). The requirements of §1915(e)(2) overlap the criteria of § 1915A. Section 1915A is restricted to prisoners who sue government entities, officers, or employees. In contrast, § 1915(e)(2) is restricted neither to actions brought by prisoners, nor to cases involving government defendants. Further, § 1915A is applicable at the initial stage of the litigation, while § 1915(e)(2) is applicable throughout the entire litigation process. A case that may not initially appear to meet §1915(e)(2) may be dismissed at a future date should it become apparent that the case satisfies this section. Thus, in prisoner cases, the district court must first examine a complaint under § 1915A and then review the complaint under § 1915(e)(2) before the case can proceed in due course. A district court is required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel as the statute does not differentiate between various civil actions brought by prisoners. The dismissal of a complaint under §1915(e)(2) or § 1915A does not negate a prisoner's obligation to pay the filing fee in accordance with § 1915(b)(1)- (2). See *In re Tyler*, 110 F.3d [528], 529-30 [8th Cir. 1997]. We make it explicit: a court's responsibility under the Prison Litigation Act is to first examine the financial status of a prisoner and make the assessment of fees. After the fees have been assessed, the merits of a complaint or appeal may be reviewed. Our mandate, however, does not prevent a district court from making the fee assessment and conducting the screening process in the same opinion or order.

*McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997).

## III. *Facts*

4

Fuller claims that on May 24 and 25, 2004, he made a request to speak with a Sergeant. On May 25, 2004, after again requesting to speak with a Sergeant, three officers approached him and directed him to pack his belongings because he "was going in the hole" [Court File No. 3, at 5]. According to plaintiff, all three officers pulled out their Tazers and told him they could do it the "easy way, or ...hard way" [Court File No. 3, at 5]. Plaintiff admits, that once he was placed in the "hole" he began kicking the door of his cell because he still wished to speak with a Sergeant. Plaintiff asserts that the three officers then confiscated all of his belongings and put him in a paper suit telling him that this was being done so he would not hurt himself. Plaintiff avers that after being provoked by Officer Cocran, he "finally broke, and started kicking the door" [Court File No. 3, at 6]. Plaintiff was subsequently "placed in the restraint chair and fastened down to were [sic] [he] could not move" [Court File No. 3, at 6]. Plaintiff contends officer Cocran choked him while he was in the restraint chair. Plaintiff also contends his wrists were nearly bleeding from the tightness of the handcuffs.[3]

Plaintiff claims Officer Kindrick told him that he and Officer Branson observed Officer Cocran's actions and they reported their observations in their reports.

---

[3] The Prison Litigation Reform Act prohibits monetary relief for mental or emotional injury suffered while in custody without a showing of physical injury. 42 U.S.C. § 1997e(e). A physical injury must be more than *de minimis* to support a claim for mental or emotional suffering. *Harris v. Garner,* 190 F.3d 1279, 1286 (11th Cir. 1999), *modified by*, 216 F.3d 970 (11th cir. 2000), *cert. denied*, 532 U.S. 1065 (2001). Fuller alleges he experienced pain and suffering when the defendant choked him and his wrists were nearly bleeding from the handcuffs. It does not appear that plaintiff has alleged more than *de minimis* injury, thus, his claim for monetary damages appear to be barred by 42 U.S.C. § 1997e(e).

## IV. *Identity of Defendants*

Fuller identifies the Bradley County Justice Center and Officer Cocran as defendants. Plaintiff has identified the Bradley County Justice Center as one of the defendants. The Bradley County Justice Center is not a legal entity amenable to being sued under 42 U.S.C. § 1983. The Bradley County Justice Center is merely a name assigned to the building which houses inmates. The Bradley County Justice Center is not a municipality, but rather, a building in the county and, as such, is not a separate legal entity which can be sued. The Bradley County Justice Center is not a "person" within the meaning of § 1983. *Seals v. Grainger County Jail*, 2005 WL 1076326 (E.D. Tenn. May 6, 2005) ("The Grainger County Jail, however, is not a suable entity within the meaning of § 1983"); *Bradford v. Gardner*, 578 F. Supp. 382, 383 (E.D. Tenn. 1984) (county sheriff's department is not a suable entity under § 1983); *Williams v. Baxter*, 536 F. Supp. 13, 16 (E.D. Tenn. 1981) (city police department is not a suable entity under § 1983). Therefore, all claims brought by plaintiff against the Bradley County Justice Center pursuant to 42 U.S.C. § 1983 will be **DISMISSED**.

Plaintiff sues defendant Cocran only in his official capacity. Plaintiff's complaint specifies that Officer Cocran is being sued in his official capacity but not in his individual capacity [Court File No. 3, at 4]. Therefore, Officer Cocran is being sued only in his official capacity as an employee of Bradley County. *Whittington v. Milby,* 928 F.2d 188, 193 (6th Cir.), *cert. denied,* 502 U.S. 883 (1991); *Wells,* 891 F.2d at 593-94. A claim against Officer Cocran in his official capacity is treated as being an action against Bradley County. *Hafer v. Melo,* 502 U.S. 21, 25 (1991); *Barber v. City of Salem, Ohio,* 953 F.2d 232, 237 (6th Cir. 1992). Because Officer Cocran has been sued only in his official capacity as an officer of Bradley County, the Court must proceed as if the plaintiff has in fact sued the County. Therefore, in order to prevail, plaintiff must demonstrate that

the alleged violation of his constitutional rights resulted from acts representing official policy or custom adopted by the County. *Monell v. Dept. of Social Services of the City of New York*, 436 U.S. 658, 690-91 (1978); *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1245-46 (6th Cir. 1989), *cert. denied,* 495 U.S. 932 (1990).

In order to prevail in an action against a defendant in his official capacity, a plaintiff must show, first, that he has suffered harm because of a constitutional violation and second, that a policy or custom of the entity--in this case, Bradley County--caused harm. *See Collins v. Harker Heights, Tex.,* 503 U.S. 115, 120 (1992). Fuller must identify the policy, connect the policy to the city itself, and show that the particular injury was incurred because of the execution of that policy; all of which Fuller has failed to do. *See Garner v. Memphis Police Dept.* 8 F.3d 358, 363-64 (6th Cir. 1993), *cert. denied*, 510 U.S. 1177 (1994).

Fuller does not allege that the violation of his rights resulted from any policy or custom on the part of Bradley County. Consequently, the defendant is entitled to judgment as a matter of law. Accordingly, the complaint will be **DISMISSED** *sua sponte* for failure to state a claim. 28 U.S.C. § 1915(e)(2)**.**

Plaintiff's motion for appointment of counsel is **DENIED as MOOT** [Court File No. 4].

A judgment will enter.

        */s/ R. Allan Edgar*
        R. ALLAN EDGAR
    CHIEF UNITED STATES DISTRICT JUDGE